EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.J., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; [FIRST | ) |
| NAME UNKNOWN] RAMIREZ, in his | ) |
| individual capacity; [FIRST NAME | ) |
| UNKNOWN] TUCKER, in her individual | ) |
| capacity; ROBERT MCGUINNESS, in his | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

**INTRODUCTION**

1. Plaintiff M.J. is serving a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," and Federal Detention Center SeaTac ("SeaTac").

2. While housed at FCI Dublin and FDC SeaTac, Plaintiff M.J. faced constant sexual harassment, culminating in multiple instances of sexual abuse.

3.      Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4.      Plaintiff M.J. is experiencing long-lasting traumatization.

## JURISDICTION AND VENUE

5.      An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6.      This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.      Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff M.J. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9.      Plaintiff M.J. was at all times relevant hereto incarcerated in FCI Dublin.

10.     Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin") and Federal Detention Center SeaTac ("SeaTac"). FCI Dublin was a low-level female prison. FDC SeaTac is an administrative correctional institution, able to hold all genders and all security levels of detainees.

11.     Defendant [First Name Unknown] Ramirez was, at all times relevant hereto, a Correctional Lieutenant at FCI Dublin. She is sued in her individual capacity.

12.     Defendant [First Name Unknown] Tucker was, at all times relevant hereto, a Correctional Officer at FDC SeaTac. She is sued in her individual capacity.

13. Defendant Robert McGuinness was, at all times relevant hereto, a physician at FDC SeaTac. He is sued in his individual capacity.

14. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff M.J. Plaintiff M.J. was dependent upon Defendant United States for his personal security and necessities.

15. In performing the acts and/or omissions contained herein, Defendants Ramirez, Tucker, and McGuinness acted under color of federal law, and Plaintiff M.J. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff M.J. Defendant United States knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff M.J. and to his constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States, Ramirez, Tucker, and McGuinness failed to take steps to protect Plaintiff M.J. and to ensure his rights to safety from sexual abuse.

**FACTS**

16. Plaintiff M.J., a transgender man, arrived at FCI Dublin on or about January 6, 2023.

17. Immediately, Plaintiff M.J. observed a culture of sexual abuse and retaliation for reporting abuse, including unjustified placement in the Special Housing Unit ("SHU") or retaliatory searches and confiscation of properly purchased commissary items or personal items sent from loved ones.

18. In approximately February through May 2023, Plaintiff M.J. was forced to act as a lookout while another guard took a prisoner into a private area in the warehouse.

19. The officer ordered him to make sure no other officer saw them.

20. Plaintiff M.J. felt like he had to comply or he would be sent to the SHU.

21. On or about March 18, 2023, Plaintiff M.J. was assaulted by Lieutenant Ramirez.

22. During this assault, Lt. Ramirez placed her fingers inside Plaintiff M.J.'s vagina.

23. Plaintiff M.J. did not report her immediately for fear of retaliation.

24. On or about May 15, 2023, Plaintiff M.J. reported the assault by Lt. Ramirez to Special Investigative Services ("SIS") and to Lt. Stephen Putnam.

25. Lt. Putnam told Plaintiff M.J. he was lying, and he threatened to keep Plaintiff M.J. in the SHU until he cleared it up.

26. Plaintiff M.J. was taken to FDC SeaTac on or about October 3, 2023.

27. The unit Plaintiff M.J. was housed in had a high proportion of FCI Dublin survivors.

28. There, he encountered Ms. Tucker.

29. Ms. Tucker sexually abused Plaintiff M.J. when she would perform searches.

30. She would grope his buttocks and place her hand on Plaintiff M.J.'s breasts, and uncomfortably close to his vagina.

31. Plaintiff M.J. observed her search other prisoners from FCI Dublin in this manner.

32. Plaintiff M.J. reported her misconduct, but the BOP did not take any action.

33. While at FDC SeaTac, on or about October 30, 2024, Plaintiff M.J. went to a doctor's appointment with physician Robert McGuinness.

34. His appointment was to address Bell's palsy, which he had developed a few weeks before. Bell's palsy is a condition that temporarily weakens or paralyzes facial muscles.

35. Dr. McGuinness groped Plaintiff M.J.'s bare breast with his hand without wearing gloves.

36. There was no medical justification for this.

37. Plaintiff M.J. reported Dr. McGuinness's sexual abuse on or about November 25, 2024.

38. That same day, Plaintiff M.J. was placed in the SHU, purportedly for a fight that had occurred two days before.

39. Plaintiff M.J. had had no contact with the prisoner with whom he was accused of fighting, and his move to the SHU was retaliation for reporting sexual abuse at FCI Dublin and FDC SeaTac.

40. In the SHU, he was denied medication, legal calls, envelopes, and hygiene supplies, including soap.

41. He was confined in the SHU until approximately February 12, 2025.

42. Plaintiff M.J. suffered emotional trauma from his experiences of sexual abuse and retaliation for reporting sexual abuse.

43. This abuse has made him feel like less of a person.

44. When friends try to get physically close to him, say to provide a comforting hug, he now recoils and rejects kind physical touch.

45. He is plagued by flashbacks and nightmares of the abuse. At times, he is only able to sleep 2-4 hours per night.

46. This despair has led to suicidal ideation and deep depressive episodes.

**EXHAUSTION**

47. On September 8, 2025, Plaintiff M.J., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

48. The BOP acknowledged receipt on September 22, 2025.

49. The BOP denied his claim on March 11, 2026.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

50. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

51. Plaintiff M.J. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Tucker and McGuinness.

52. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

53. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

54. Their positions as correctional officers and medical staff were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

55. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

56. Defendants Tucker and McGuinness discriminated against Plaintiff M.J. based on his gender when they repeatedly sexually abused him by physically subjecting him to sexual acts.

57. By these acts, Defendants Tucker and McGuinness caused Plaintiff M.J. physical, mental, and emotional injuries as well as injury to his personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Ramirez, Tucker, and McGuinness)**
**(Cal. Civ. Code § 52.4)**

58. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

59. Plaintiff M.J. brings this claim for gender violence under California Civil Code § 52.4 against Defendants Ramirez, Tucker, and McGuinness.

60. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

61. Their positions as correctional officers and medical staff were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

62. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

63. Plaintiff M.J. has a nonfrivolous argument that Defendants Ramirez, Tucker, and McGuinness bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

64.     Defendants Ramirez, Tucker, and McGuinness discriminated against Plaintiff M.J. based on his gender when they repeatedly sexually abused him by physically subjecting him to sexual acts.

65.     By these acts, Defendants Ramirez, Tucker, and McGuinness caused Plaintiff M.J. physical, mental, and emotional injuries as well as injury to his personal dignity.

### THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

66.     Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

67.     Plaintiff M.J. brings this claim for sexual assault under the Federal Tort Claims Act for violation of Plaintiff's rights established by California common law against the United States based on the conduct of its employees, Defendants Tucker and McGuinness.

68.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

69.     Their positions as correctional officers and medical staff were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

70.     Defendants Tucker and McGuinness violated Plaintiff M.J.'s right to be free from sexual assault by repeatedly sexually abusing him while he was incarcerated.

71.     Defendants Tucker's and McGuinness' sexual abuse of Plaintiff M.J. was deeply offensive to his personal dignity and would offend a person of ordinary sensitivity.

72.     Defendants Tucker and McGuinness subjected Plaintiff M.J. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.J.'s person.

73.     By intentionally subjecting Plaintiff M.J. to sexual acts, Defendants Tucker and McGuinness acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

74.    By repeatedly subjecting Plaintiff M.J. to sexual acts, Defendants Tucker and McGuinness caused him to suffer physical, mental, and emotional injuries, as well as injuries to his personal dignity.

### FOURTH CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendants Ramirez, Tucker, and McGuinness)
### (California Common Law)

75.    Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

76.    Plaintiff M.J. brings this claim for sexual assault for violation of Plaintiff's rights established by California common law against Defendants Ramirez, Tucker, and McGuinness.

77.    Defendants Ramirez, Tucker, and McGuinness violated Plaintiff M.J.'s right to be free from sexual assault by repeatedly sexually abusing him while he was incarcerated.

78.    Defendants Ramirez's, Tucker's, and McGuinness' sexual abuse of Plaintiff M.J. was deeply offensive to his personal dignity and would offend a person of ordinary sensitivity.

79.    Defendants Ramirez, Tucker, and McGuinness subjected Plaintiff M.J. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.J.'s person.

80.    Plaintiff M.J. has a nonfrivolous argument that Defendants Ramirez, Tucker, and McGuinness bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

81.    By intentionally subjecting Plaintiff M.J. to sexual acts, Defendants Ramirez, Tucker, and McGuinness acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

82.    By repeatedly subjecting Plaintiff M.J. to sexual acts, Defendants Ramirez, Tucker, and McGuinness caused him to suffer physical, mental, and emotional injuries, as well as injuries to his personal dignity.

//
//
//

*M.J. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 8

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

83. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

84. Plaintiff M.J. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code section 1708.5 against the United States for the conduct of its employees, Defendants Tucker and McGuinness.

85. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

86. Their positions as correctional officers and medical staff were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

87. Defendants Tucker and McGuinness committed sexual battery against Plaintiff M.J. by repeatedly sexually abusing him while he was incarcerated as a minimum-security prisoner at SeaTac.

88. The sexual abuse of Plaintiff M.J., a prisoner, was deeply offensive to his personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

89. Defendants Tucker and McGuinness subjected Plaintiff M.J. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.J.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendants Ramirez, Tucker and McGuinness)**
**(Cal. Civ. Code § 1708.5)**

90. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

91. Plaintiff M.J. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendants Ramirez, Tucker, and McGuinness.

92.    Plaintiff M.J. has a nonfrivolous argument that Defendants Ramirez, Tucker, and McGuinness bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

93.    Defendants Ramirez, Tucker, and McGuinness committed sexual battery against Plaintiff M.J. by repeatedly sexually abusing him while he was incarcerated as a minimum-security prisoner at SeaTac.

94.    The sexual abuse of Plaintiff M.J., a prisoner, was deeply offensive to his personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

95.    Defendants Ramirez, Tucker, and McGuinness subjected Plaintiff M.J. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.J.'s person.

**SEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

96.    Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

97.    Plaintiff M.J. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of its employees, Defendants Tucker and McGuinness.

98.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

99.    Their positions as correctional officers and medical staff were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

100.    Defendants Tucker and McGuinness engaged in outrageous conduct by repeatedly subjecting Plaintiff M.J. to sexual acts while he was incarcerated as a prisoner in their employers' custody. They abused their authority over Plaintiff M.J. and their power to affect him in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

101. Defendants Tucker's and McGuinness' sexual abuse caused Plaintiff M.J. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

102. Defendants Tucker and McGuinness intended to cause Plaintiff M.J. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Tucker and McGuinness)**
**(California Common Law)**

103. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

104. Plaintiff M.J. brings this claim for the intentional infliction of emotional distress against Defendants Ramirez, Tucker, and McGuinness.

105. Plaintiff M.J. has a nonfrivolous argument that Defendants Ramirez, Tucker, and McGuinness bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

106. Defendants Ramirez, Tucker, and McGuinness engaged in outrageous conduct by repeatedly subjecting Plaintiff M.J. to sexual acts while he was incarcerated as a prisoner in their employers' custody. They abused their authority over Plaintiff M.J. and their power to affect him in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

107. Defendants Ramirez's, Tucker's, and McGuinness' sexual abuse caused Plaintiff M.J. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

108. Defendants Ramirez, Tucker, and McGuinness intended to cause Plaintiff M.J. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

## NINTH CLAIM FOR RELIEF
### BANE ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.1)

109. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

110. Plaintiff M.J. was in the custody and control of the United States during all relevant times.

111. Defendants Ramirez, Tucker, and McGuinness violated Plaintiff M.J.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; his rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and his right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

112. Defendant United States, by the actions of its employees Defendants Ramirez, Tucker, and McGuinness, interfered with Plaintiff M.J.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; his rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; his right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse, and his right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

113. As a proximate result of these acts, Plaintiff M.J. sustained damage and injury.

## TENTH CLAIM FOR RELIEF
### BANE ACT
### (against Defendants Ramirez, Tucker, and McGuinness)
### (FTCA; Cal. Civ. Code § 52.1)

114. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

115. Plaintiff M.J. was in the custody and control of the United States during all relevant times.

*M.J. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 12

116. Defendants Ramirez, Tucker, and McGuinness violated Plaintiff M.J.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; his rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and his right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

117. Plaintiff M.J. has a nonfrivolous argument that Defendants Ramirez, Tucker, and McGuinness bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

118. As a proximate result of these acts, Plaintiff M.J. sustained damage and injury.

### ELEVENTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

119. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

120. Defendants Ramirez, Tucker, and McGuinness knowingly recruited, enticed, and solicited Plaintiff M.J. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

121. Defendants Ramirez, Tucker, and McGuinness made Plaintiff M.J. engage in sex acts through force and coercion.

122. Defendant United States knew of, or should have reasonably known, that Defendants Ramirez, Tucker, and McGuinness were soliciting Plaintiff M.J. in exchange for sex acts, and benefited by failing to protect Plaintiff M.J.

123. This conduct has caused Plaintiff M.J. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and he has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

//
//

### TWELFTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

124. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

125. Defendants Tucker and McGuinness knowingly recruited, enticed, and solicited Plaintiff M.J. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

126. Defendants Tucker and McGuinness made Plaintiff M.J. engage in sex acts through force and coercion.

127. Defendant United States knew or should have known that Defendants Tucker and McGuinness were engaged in these activities and intentionally placed Plaintiff M.J. at greater risk of harm and/or failed to act in a manner that protected Plaintiff M.J. from harm.

128. Defendant United States employed Defendants Tucker and McGuinness, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

129. This conduct has caused Plaintiff M.J. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### THIRTEENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendants Ramirez, Tucker, and McGuinness)
### (Cal. Civ. Code § 52.5)

130. Plaintiff M.J. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

131. Defendants Ramirez, Tucker, and McGuinness knowingly recruited, enticed, and solicited Plaintiff M.J. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

132. Defendants Ramirez, Tucker, and McGuinness made Plaintiff M.J. engage in sex acts through force and coercion.

133.    Plaintiff M.J. has a nonfrivolous argument that Ramirez, Tucker, and McGuinness bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

134.    Defendant United States knew or should have known that Defendants Tucker and McGuinness were engaged in these activities and intentionally placed Plaintiff M.J. in greater risk of harm and/or failed to act in a manner that protected Plaintiff M.J. from harm.

135.    This conduct has caused Plaintiff M.J. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

136.    Plaintiff M.J. prays for judgment against Defendant, and each of them, as follows:

> (a)    An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff M.J. in an amount to be determined at trial;
>
> (b)    An award to Plaintiff M.J. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and
>
> (c)    For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff M.J. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 19, 2026          SIEGEL, YEE, BRUNNER & MEHTA

By:_____
     EmilyRose Johns

GOLDEN LAW


By: /s/ *Deborah M. Golden*
     Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming


*Attorneys for Plaintiff*

---